UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-00308-FDW

| | |
|---|---|
| **MARQUIS DECHANE HARRISON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  **ORDER** |
| | ) |
| **BRANDON LNU,** | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff Marquis Dechane Harrison's pro se civil rights Complaint, 42 U.S.C. § 1983 (Doc. No. 1). See 28 U.S.C. §§ 1915A, 1915(e).[1]

**I. BACKGROUND**

Plaintiff was a pre-trial detainee at the Henderson County Detention Center when he filed the instant Complaint. Plaintiff alleges that Defendant Brandon, identified as a correctional officer, used excessive force against him. (Compl. 3-4, Doc. No. 1.) Specifically, Plaintiff alleges that on October 28, 2017, he was offered an additional 30 minutes of recreation time if he picked up breakfast trays. When Plaintiff declined the offer and stated he wished to take his free time, he was directed to go back to his cell for refusing to pick up the trays. Plaintiff refused to go back to his cell and, instead, proceeded to the showers. Plaintiff alleges that while he was showering, Defendant Brandon and others came into the room, and he and Brandon "exchange[d] a few words." When Plaintiff turned his back, Brandon stepped into the shower

---

[1] Plaintiff has filed an application to proceed in forma pauperis. (Doc. No. 3.) On January 31, 2018, the Clerk of Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 7.)

1

stall, put his arm around Plaintiff's neck, and began choking him, causing Plaintiff to slip and fall. According to Plaintiff, Brandon landed on top of him and began punching Plaintiff in the side and face with a closed fist. Brandon then grabbed Plaintiff by the hair and tried to push his face into the shower floor while telling Plaintiff to put his hands behind his back. Plaintiff complied with Brandon's order. (Compl. 3-4, Doc. No. 1.)

According to Plaintiff, he suffered abrasions and swelling on the left side of his face and a black eye. Plaintiff asserts that he was not disciplined in relation to the shower incident. He seeks monetary damages. (Compl. 4.)

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous," "malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). In its frivolity review, the Court must determine whether the Complaint raises an "indisputably meritless legal theory," Denton v. Hernandez, 504 U.S. 25, 32 (1992), or is founded upon clearly baseless factual contentions, such as "fantastic or delusional scenarios," Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31

(1993). In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners. See Hudson v. McMillian, 503 U.S. 1, 1 (1992). Because of his status as a pretrial detainee, however, Plaintiff's claim is evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eight Amendment standard applicable to convicted prisoners. See Bell v. Wolfish, 441 U.S. 520, 535 (1979).

The Due Process Clause "protects a pretrial detainee from the use of excessive force that amounts to punishment," Graham v. Connor, 490 U.S. 386, 395 n.10 (1989), and is not "an incident of some other legitimate governmental purpose," Bell, 441 U.S. at 538. In Kingsley v. Hendrickson, the Supreme Court held that the appropriate standard for a pretrial detainee's excessive force claim is an objective one, requiring that a plaintiff must demonstrate "only that the force purposely or knowingly used against him was objectively unreasonable." 135 S.Ct. 2466, 2473 (2015). In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (citing Graham, 490 U.S. at 396).

Plaintiff's excessive use of force claim does not raise an "indisputably meritless legal theory." See Denton, 504 U.S. at 32. Nor is it based upon clearly baseless factual contentions, such as "fantastic or delusional scenarios." See Neitzke, 490 U.S. at 327-28. Accordingly, Plaintiff's Complaint survives initial review.

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk of Court shall send a copy of this Order and blank summons form to Plaintiff at his current address;

2. Plaintiff shall complete and return the summons form to the Clerk of Court within 15 days of entrance of this Order; and

3. Using the summons provided by Plaintiff, the Clerk shall prepare process for delivery and notify the United States Marshal who, pursuant to Fed. R. Civ. P. 4(c)(3), shall serve process upon the named Defendant.

**SO ORDERED.**

Signed: August 3, 2018

Frank D. Whitney
Chief United States District Judge